The court now calls case one one seven six six three Jane Brunton versus Robert Kruger et al. at Belize. Matthew F. Timble, appellant. Are you ready to proceed? Yes, Your Honor. You may proceed. May it please the court, counsel, for the contemnor appellant, Matthew Timble, Robert Chambers, and with me on the brief, my associate Philip Brandt. This is a privilege case. I just heard a privilege case. When I was here in November, I argued a statutory construction case. I was number four, and the first three cases were statutory construction cases. I don't know how this works, but it doesn't work. In any event, I would be remiss, Your Honors, if I did not begin this argument by stating to the court that the order of contempt against my partner, Matthew Timble, should be vacated, as was correctly done by the appellate court. At no time was Mr. Timble's conduct contemptuous or contumacious in any way. It's the old gentlemanly contempt to obtain immediate review of an otherwise interlocutory discovery. In fact, this court's rule, 304b5, now provides a jurisdictional predicate, whereas here, there is a fine attached to the order of contempt. He was never contumacious. He was never contemptuous, and even the appellate court correctly recognized in paragraph three of its opinion that it was nothing more than a good faith effort to obtain review of an issue without direct precedent. This court has recognized in numerous cases the ability of an attorney to suffer contempt to get an opinion, and more recently, the voice management case. Today, we're dealing with a statutory privilege, the accountant privilege, section 27 of the Public Accountant Act. The statute is clear and unambiguous. In fact, the trial court didn't think it was anything but clear and unambiguous. Not one of the respondents has ever contended it's anything other than clear and unambiguous, and the appellate court did not find it other than clear and unambiguous. That having been said, how did we get here today with a clear and unambiguous statute which has one of two sentences indicating there is one exception, and that is where there's an investigation or a hearing involving the conduct of the accountant. There is no provision in the statute for a testamentary exception, no provision in the statute that it doesn't apply or applies where there's a will contest. This court, in numerous cases going back well over 100 years, has said where a statute is clear and unambiguous, you enforce it as written. Here, however, the trial court, the respondents, and the appellate court have acted as if this privilege was a common law privilege. They liken it to the attorney-client privilege. In fact, the appellate court said it makes no difference if a CPA or an attorney was involved. The estate says, Krueger's, the exception, the testamentary exception is consistent with the public policy of full disclosure and litigation. They argue at pages five to nine of their brief in this court that that's the purpose, that that is why the privilege should not be upheld, and if they really believed what they wrote, then they should have turned over the documents, which they've had for almost four years. This case involved a subpoena by the Krueger's to the Striegel Now Black & Company accounting firm, which subpoena was complied with. Over a thousand pages of documents were turned over October 26, 2011. Then June Brunton has a subpoena to the tax documents can be produced, and they were produced. The other documents were not subject to being produced. Then a motion to reconsider was brought by Brunton, and the trial court reconsidered, then ordered everything produced. That led to the contempt order, that led to the appeal, and now we're here today. But we're dealing with a statute that has no exception. Krueger's say the overriding purpose of discovery is to get to the truth. Privileges preclude getting to all the facts. That's why we have certain things that are privileged. That's their point. Brunton says validity of wills is more important than a privilege where undue influence on a testator is alleged. Maybe that's a good point, but we don't know. There's no authority whatsoever in Brunton's brief for that argument. The inquiry should not be what did the legislature have in mind, whether they could have ever anticipated this particular scenario. This should be determined not by conjecture as to the meaning, but by construction of the language used. Virtually every court that has looked at this statute has held it an accomplice of privilege, and the accountant holds the privilege. The first district in the 1985 grand jury case that led to this court's opinion on the 1985 grand jury, which is said, we may not like the statute. We may question what there is about an accountant and why the accountant would hold its client's documents secret, but we can't rewrite the statute. This court in the 1985 grand jury case determined first, if there was a privilege, it applied a four-step process. It determined that if the relationship was based on, if there was a confidence, if the relationship was based on confidentiality, if the relationship was one that the public would want fostered, and if the harm to the relation would be greater than the harm by not producing the documents. In that case, the Supreme Court, back in 1988, determined that there was no that the accountant privilege had a similar confidentiality requirement to the attorney client. That is, both are intended to encourage clients to make full disclosure to the professional. The court stopped there. This court did not hold that because the accountant privilege and the attorney client privilege share a similar confidentiality requirement that they must be at that point when it comes to assessing exceptions, limitations, or conditions that may be placed on each. Unquestionably, the attorney client privilege is a common law privilege. Therefore, exceptions, conditions, and limitations are placed on that by the courts all the time. The accountant privilege is a statutory privilege, and it can only be expanded or contracted by the legislature. It is not the role of the judiciary. I don't mean to stand and tell the Supreme Court of Illinois what their role is, but it's not the role of the judiciary, this court said in many, many cases, to expand or contract the statute because it seems reasonable under the facts. A statute should not be rewritten by a court to make a statute consistent with this court's own idea of orderliness or public policy. They do that across the street, the General Assembly. If you don't like the statute, this court has help. Even if you don't like the statute, even if applying the statute as written would lead to a result that is harsh, unjust, unwise, or absurd, as the Pearlstein v. Wolk case, that's what you have to do because the change comes from the General Assembly, not this court. Counsel, may I ask you, in that same theme, under your understanding of the privilege, can the accountant waive the privilege without the statute? The statute says no court can order an accountant to divulge information or evidence obtained in his confidential capacity. What if the accountant chooses to waive the privilege? I think the accountant could. The accountant is the holder of the privilege. And so the client who comes to the accountant with confidential information has no control over that confidential information? The client gave the confidential information to the accountant with the understanding that it would be maintained in confidence. Unless the accountant chooses not to hold it in confidence. That's correct. In fact, the First District, referred to as the in-ray 1985 grand jury case, said that it would be up to the accountant. It would be up to the accountant to determine if they were going to waive the privilege. The accountant is the holder. The appellate court, Fourth District, here said the client is the holder. That might be why this court took this case. Because the view of the statute, frankly, is irreconcilable because every court, other than the Fourth District that looked at this, called it an accountant privilege and that it was held by the accountant. The Fourth District said we disagree with those cases. It only referred to federal cases. It didn't refer to FMC court versus Liberty Mutual, First District. It didn't refer to the 1985 grand jury case from the First District. They only looked at the federal cases and they could say they disagree with them in any of them because they're not finding precedent on an Illinois trial court or reviewing court. But that having been said, the statute may not be the clearest statute. It may not be the best statute. But every court that's looked at it said it is clear and unambiguous for what it stands for. That is to say that there's an accountant privilege. So Striegel could not waive the privilege by producing the documents to respondents? No. The production of the documents by the accountant to the accountant for the client to the attorneys for the client would remain privileged. In fact, the appellate court doesn't talk about that as being a waiver. The Krugers rely on this court's decision and center partners written by Chief Justice Garment. That case, however, involved express waiver. It involved express waiver by production of otherwise privileged documents to an adverse party. Here, the only adverse party between the accountants who are not parties to the underlying case would be June Brunt. The accountants are aligned with the Krugers with respect to the defense of inaction to set aside wills and trusts. The estate beneficiaries, they want to see the wills and trusts of the parents of the beneficiaries upheld. Brunt wants to turn them aside. The accountants would have a similar interest. And this court in the waste management said it's the commonality of interest. According to Justice Freeman, when he wrote that opinion, I argue that's 24 years ago, it's the commonality of interest that creates the exception, the exception there to what was the insured insurer or attorney-client privilege. In fact, they criticized us for even relying on the waste management case. But the waste management case didn't hang its head on the fact it was an exception to the attorney-client privilege. It hung its head on the fact that a commonality of interest creates the reason for the exception. Here you have a commonality of interest, and that protected those documents. Well, they went from the accountants or the clients to the attorneys for the clients, attorneys for the clients who wrote the estates and the wills. There was no waiver. In fact, the appellate court doesn't even touch upon that waiver. What the appellate court said was is that the client held the privilege, therefore the clients are deceased, therefore the beneficiaries, the estate holds the privilege as it would in an attorney-client situation. But that's common law. That was an exception engrafted on that privilege. There's no such exception in this statute. The court can't make that exception. In fact, the appellate court here looked to the law of Indiana and Tennessee and said, look what they did with their statute. The Indiana statute, they added that. They have different jurisprudence than we do this side of the border. Illinois hasn't followed that Indiana case until now. The Tennessee court looked at the Indiana case and said, well, they did it in Indiana. Our statute's similar. We're going to find that the privilege holder is the client, not the accountant. So even though there's a parallel here between the conduct of an attorney in estate planning matters and the conduct of the accountant in estate planning matters, you would say that you would not apply a testamentary exception to the accountant because of the statute. Is that what your argument is? Yes. In fact, the first, I keep coming back to the first district opinion because for some reason it was ignored by the fourth district, but that's why we have a Supreme Court is to get those conflicts worked out. They commented, it is difficult to perceive what independent interest the accountant may have in keeping his client's information secret. The law may actually have created an unnecessary bar to the availability of evidence relevant to the proper disposition of disputes, but our role is not to rewrite the statute. They do that across the street at the General Assembly. What the appellate court said here, oddly enough, was not because the documents were produced, and they were produced in October of 2011, all of this litigation with respect to privilege was going on in late 2012 through the spring of 2013 when Mr. Tibble finally said to Judge Rob, respectfully, I'm not going to possession of the attorneys for the estate, but the appellate court wasn't concerned about that. What the appellate court said was the holder of the privilege, notwithstanding what the statute says in all the cases before it, the holder of the privilege is the client. The client's deceased, therefore the beneficiaries and the estate have waived the privilege, and they did so by filing a brief in the appellate court. Oddly enough, paragraph 52 of a 54-paragraph opinion comes out, and they said that's another ground to affirm the judgment, because they filed a brief, but they didn't argue in their brief, we have the documents, and we're going to turn them over. In fact, if they really believed their own argument, all these years, they would have turned over the documents. If they believed the argument, and if Councilman Brunt paid attention to how that argument was presented, Brunt would issue a production request to the estate to turn over the documents, because after all, what privilege does the estate have to the documents that the decedents gave to their accountants? None. But we're here because they don't believe what they wrote, they don't believe what they argued in their brief in this court and in the appellate court, and we're dealing with a statute which I would suggest, each court looking at it has found clear and unambiguous, and it doesn't come in of an exception. If there is to be an exception, it's to being drafted by the legislature. And we can't, there's no question here that there is a privilege, that is to say when the Krugers went to the Striegel Accounting Group for financial advice with respect to estate planning, that the information they gave is what a panel of the Fourth District said, in a case called Hitt v. Stevens, is that estate planning is an extremely personal and private endeavor, and may be based on considerations one would prefer never to reveal. The appellate court here, in this case, embraced that concept. So there's no question that there was a privilege. The holder of the privilege became the issue, and the appellate court said it was, well they held it was the client, even though the statute is different. We have a situation where there was no express waiver, there was no implied waiver, there is no evidence in this record that Helen and Gordon Kruger, during their lifetime, ever consented to disclosure of what information they provided to their accountants, some thousand pages of paper, and there is no information that the accountants expressly or implicitly gave that privilege by the disclosure to an adverse party. That's the key, is adverse party, because we have the Adler case out of the First District. Adler involved a lawyer giving information to his estate planning client's bankers, and they held that was clothed with the attorney-client privilege, because there was no adverse relation there. There was no adverse relation, and still is no adverse relation, between the accountants and the estate. They may have a different view of the documents, but they have a unified, uniform view as to the upholding the validity of the wills and trusts that are being litigated in the underlying case. What I would ask this court to do is to reverse the appellate court, except with respect to Mr. Tibble not being guilty of contempt, and find that the statute says and is meant to apply as we've argued, that it belongs to the accountants, that it has not been waived, and that the documents are not subject to production. Unless there are any questions, I'd like to leave the rest of my time for rebuttal. Doesn't appear there are any other questions at this time. Counselors, justices, may it please the court, my name is Justin Karubas of Rolwick and Gutsby. I, along with Daryl Dyes, represent the executor of two estates, the trustee of two trusts, and the beneficiary of those trusts. Mr. Kruger is in attendance today. The fiduciaries want to prove the validity of the wills and trusts. This court should affirm the trial and appellate court and require the accountants to provide the information and documents related to the wills and trusts for four reasons. The client is the holder of the accountant-client privilege, the testamentary exception, the executor's waived privilege, and alternatively the accountant-client privilege. The client is the holder of the accountant-client privilege. Section 27 of the Illinois Public Accounting Act doesn't use the word privilege. It doesn't tell us who the holder of the privilege is. The only time the word privilege is used in the act is when the act mentions the granting of practice privileges. In the Code of Civil Procedure, there's a section on privileges. It mentions marital, physician-patient, informant, reporter, voter, clergy. This privilege is not found there. This is a licensing act. While the statute doesn't mention a client, the licensing act exists to promote the dependability of information and promote the public interest. Dependable information relies on full disclosure by the clients to the accountants. Clients are likely to disclose more to the accountants if the client holds the privilege rather than the accountant. There is not much of a privilege if the accountants can't be required to testify but may do so. The public interest being protected is that of the clients, not the accountants. Illinois would not be alone in finding that the client is the public interest. There's no significance at all to it being called the accountant's privilege? No, it's not called that in the statute. It's a plain reading of the statute. It just does not mention an accountant's privilege. There has been some terminology where we call it the accountant-client privilege, they call it the accountant privilege, but that's terminology going back and forth. Indiana and Tennessee have enacted similar statutes that don't mention client and their courts have held similar. Illinois is one of 17 states that have a statute with the accountant-client privilege. 15 of those states say that the client is the holder of the privilege. This court should include Illinois. Testamentary exception. Whether the holder of the privilege is the accountant or the client, the fiduciaries are asking for a limited testamentary exception to the accountant-client privilege similar to the already existing and well-defined exception in the attorney-client context. This court already created an exception to this accountant-client privilege for the disclosure of tax returns and work papers in the grand jury case. The court reasoned that clients understand that when they disclose tax information to their accountants, the accountant may provide that information to the taxing authorities. The same logic applies in this case. The clients understand that the estate planning information that they provide to their accountants may be disclosed to their heirs if there is a Wilcon test. Furthermore, this court in the grand jury case articulated a balancing test. This court implied that the privilege must give way that the benefits of disclosure outweigh the injury to the accountant-client relationship. Information and documents related to the will and trust are confidential, but after death, when there is a dispute regarding their validity, the scales tip in favor of disclosure. The clients are dead. One of the drafting attorneys is dead. The other drafting attorney has limited capacity. One of the accountants is dead. The will and trust are disclosed in underlying litigation. There is no injury to the accountant-client relationship. The executors waive the privilege. The holder of the accountant-client privilege is the client. The client is dead. As argued by the accountants, the executor stands in the shoes of the client. The purpose of this litigation, for purposes of this litigation, the executor waives the accountant-client privilege so that the validity of the wills and trusts can be determined to the accountants. The accountants have waived the privilege. Alternatively, even if this court holds that the accountant is the holder of the privilege, the accountants have waived the privilege. The executors didn't just ask the accountants for the documents. The executors used a subpoena from a court case. The accountants were required by the subpoena to disclose information and documents. They did so. Whatever privilege they had was lost for purposes of this litigation. The executors and accountants are not adverse in their common interest to defend the validity of these wills. The fiduciaries have a duty to defend the validity of the wills and trusts. The fiduciaries could have sided with the accountants' exercise of that privilege. The fiduciaries could have said the wills and trusts are valid, excluding any testimony from the accountants. The fiduciaries want the wills and trusts to be valid with the testimony from the accountants. The fiduciaries chose to defend the validity of the documents by advocating for disclosure. All of the parties to the litigation advocate for disclosure. The witness is exercising a privilege. The accountant's interest in defending the validity of the wills and trusts is unknown. It is not just about the documents. It's about the privilege. After the documents are disclosed by the accountants, there will likely be depositions. Under the accountants' view of the privilege, the deposition will involve the executors questioning the accountants and then providing a transcript to the excluded doc. Just to clarify for me, there was a comment made that documents were disclosed to your client and that you could have disclosed those. Are there other documents that we're talking about here? Could you have disclosed them to Brunton? Well, that is the subject of this litigation. They're exercising a privilege. We don't believe it's the case. To clarify a point in the record, Brunton did subpoena the documents from us and there is a court order delaying that production pending this appeal. Do you have an obligation not to disclose those documents? If this court finds that it's their privilege, then our disclosure would be over their privilege. The fiduciaries subpoenaed the accountants. They responded. The excluded daughter subpoenaed the court. Unless there's any questions, I'd ask. Thank you. May it please the court and counsel, my name is Mercer Turner. I'm June Brunton's counsel. June is in the courtroom here this morning with me. I'd like to review some of the practical factual considerations which should support the idea that June Brunton should have discovery access with regard to the accounting firm. As you would understand already, a fiduciary which relationship existed prior years prior to the appointment of the executor and of the trustee has an extraordinary advantage with respect to the facts and knowing what happened during the time that the senior couple was involved over a period of approximately six months and having some estate planning done at a time both of them were of age or health and of an age where they would have needed some assistance and some fiduciary responsibility. While my client was residing in the same community with them, she was not active in the land or the farm land or investments that this couple had. She was involved in, you know, in family life. She had five daughters. Today has 19 children and two grandchildren. And her focus was on family affairs not on business affairs and would not naturally have been involved in some of the business matters and would not, you know, would not have any knowledge of that. So one of the activities that has occurred here in this litigation is trying to catch up in recreating the events. The purpose of the discovery with the accountants in this case has nothing to do with certified financial statements or, you know, unique financial information that was given the accountants in the course of the events in this case. It has to do with such things as, for example, testamentary intent. This is a unique case where the lawyers that were involved in drafting the documents weren't involved in confirming what the testamentary intent was. That was communicated exclusively by the senior partner of this accounting firm to the lawyers. And the lawyer was given instructions on what the testamentary intent was and how it changed over time during the six-month period and what changes to make and basically how to go about doing it. The facts are that the lawyer that drafted this was not the family lawyer. He was brought in because their long-time family lawyer was a bit like the senior couple. He would have been unable to get this thing, get this estate planning completed. So they brought in someone that was proficient with this he met with him initially and then the next time he communicated with him frankly was at the time the documents were signed. In the meantime, over that six-month period, there was a considerable amount of communication communicated to him by the accounting firm regarding testamentary intent. The statute makes no exception, does it, for a testamentary exception? You'd agree with that? I would absolutely agree with that, but I would say the statute is also unambiguous that it applies to the activities of an accountant involved in making professional opinions about financial statements after an audit or a review of records. The accounting statute that creates the CPA license really doesn't apply in estate planning circumstances. In addition to the issue of testamentary intent, because there were fiduciaries involved that were involved, one of the issues that can be determined with discovery with the accountants is attendance. Now that seems kind of simple or maybe it's not even contemplated when you talk about these things, but it's important who was in attendance when there were estate planning discussions between the CPA and this senior couple. Do you believe that the privilege belongs to both the accountant and the client? As a practical matter, I believe that it does belong to the client because it is the client's interest that is protected by that and it exists in order to give the client confidence that the accountant just can't willy-nilly publish personal information that's provided for an audit so that the investigation that's done during the audit can be complete and thorough and therefore the opinion from that audit can have some reliability and credibility. I believe it truly belongs to the client. The fact that it hasn't and noted in court decisions in Illinois, I think more than anything has to do with the fact that much of the major litigation that pertains to accountants involving financial statements and the certification thereof occurs in the federal court system where it's not where the privilege isn't recognized at all so it you know there aren't a large number over the course of years a large number of accounting cases that have addressed this and because of that it would stand to reason that it hasn't been noted to that effect previous to the fourth district observation but there are several bases here that give my client access in discovery and the issues involved in and whether there was undue influence in this for a senior couple I believe is rises above privilege of this nature. This evidence that you're seeking is it information or evidence which has been obtained by the accountant in his confidential capacity? Yes, yes sir. Right so we go back to the statute wouldn't if testamentary intent should have been excluded as an exception wouldn't the statute be the place to put that? Well I think it's clear. Or are we writing into the statute by saying I mean you candidly admit that what you're seeking is evidence which has been obtained by a accountant in his confidential capacity wouldn't this court have to write into that statute to say evidence did not mean this type of evidence? No I don't with all due respect I don't believe that's the way I would analyze it from a legal perspective and suggest that this court follow. I believe that the specific purpose of the accounting statute creating the CPA license was to create the ability in the state of Illinois for someone to certify financial statements for important reasons and that's what it applies to the certification or the accountant opinion regarding the financial condition of an entity whether it's a business or a public interest entity or whatever so that the public can rely upon those statements. There was no auditing there was no financial certification there was no opinions about the financial status of this couple and we're not seeking that sort of information in discovery. We're wanting to know who was in attendance when these meetings occurred and what was said about testamentary intent those are important issues that having access to the accounting firm will allow us to do. There was both an express and an applied waiver here when those documents were produced by the accounting firm. The CPA and the executor are not aligned the will and trust contests are in rem in nature. We're not seeking personal against anyone. The action is against the instruments themselves and the CPA firm would have no beneficial interest would not be a beneficiary of either instrument either the wills or the trust and there the CPA has no statutory duty like a executor would to defend the documents. They don't have a common interest here and if there was a common interest those 11 or pages that they're talking about would have been produced without a subpoena. All there would need to be would be a phone call and in fact it was that the accounting privilege certainly doesn't apply in any fashion to documents that the executor has. I hope that no one is coming to the conclusion that if an accountant hasn't a privilege that those same documents in the hands of executor would also be covered by that privilege. An executor doesn't have a privilege to conceal information and under any law or any case the fact that the executor has that information should require it to also be disclosed. There is however additional information other than what's involved in there as I said we're looking for attendance. We want to know who was present during the meetings and we want to know more about testamentary intent and information about that I suspect would not likely be contained in what was disclosed in those 11 pages. I'd be pleased to answer any additional questions that you have and otherwise. Doesn't appear there any other questions. Thank you very much. Thank you. I'll be brief your honors. One argument that we just heard I read in the brief that was submitted by counsel for the proof what attorney Turner just addressed to this court. I don't know where most of it's not even in the record before this court. That having been said this entire argument that state planning counseling by accountants is not within the accountant act is a non-starter because even the appellate court shut that down. Pages 30 at paragraph 31 through 33 of its opinion in fact they said in short auditing financial statements is only one of the accountancy activities performed by a CPA. State planning is another subject so the argument that estate planning is not what a CPA does and it's not subject to privilege is a non-starter. The argument that Justice Thomas you've inquired about the testamentary section it's not in the statute and yet the legislature certainly could have put it there if it wanted to recognize one. It did so for example with respect to the physician patient privilege which is found at 735 ILCS 5-8-02 where section 5 has except only upon an issue as to the validity of a document as a will of a patient. Well they have five or eight subsections to the physician patient privilege which is statutory and they have a very specific exception within the statute for a testamentary exception but the legislature did not see fit to add that for an accountant. That doesn't mean you can add it which is what you can't even if the result is absurd, unwise, unjust or one that you may not like. This court in the Pearlstein versus Walt case for example said if those consequences are avoided not by this court not by the reviewing courts but by the legislature changing the statute. The argument from counsel for the Krugers was one based on was that let's harmonize Illinois law with the other states with accountant privilege. They cite those accountant privileges and we went to the pain if you will of reviewing each of those statutes and setting them forward in our reply. There are 16 of them. You can't harmonize Illinois with those other states and you can't do it for the reason that those other states have privilege specifically in the statute to the client. Illinois doesn't do that. Every court that's looked at it except the fourth district here has regarded the statute as the privilege is belonging to the accountant and Justice Tyson even if you don't like that that's what the statute applies and the statute says a license of registered CPA shall not be required by any court to divulge information or evidence which has been obtained by him in his confidential capacity. Thomas you asked about that. As a license of registered CPA stops no exception and there are no conditions limitations or other exceptions engrafted by the legislature on that statute and if the result is absurd unwise or unjust that consequence is avoided by the statute as written. Not to look to 16 other states with 16 different statutes that give the privilege with exceptions to the client. That's not harmonizing that's rewriting the statute. The first district the court that got ignored here probably had it right when it said we questioned what's so special about the accountant and what he or she does with respect to the information was given in the confidential capacity of that relationship what's so special about it that it needs that protection but it's not our function to question that or to rewrite the statute that's what the legislature did. So and then the argument that there's been waiver well we've been through that and there there is no waiver express or implied and again the case that the Krugers rely on was a case of express waiver to an adverse party and there is no contention here that the accounting firm is adverse to the beneficiaries. They have a common purpose and the common purpose is to uphold the wills and trusts that were prepared for the parents of those beneficiaries and with input obviously from the accounting firm as to financial planning and tax issues. So for all of those reasons and the reason found in this record we would ask the court to affirm the appellate court with respect to Mr. Tibbett not being in contemptuous or contemmatious contempt but reverse it in all other respects and recognize that the Illinois privilege is a privilege which is held by the account and he has no exception therefore the ruling of the court should be reversed. Thank you. Thank you. Case 117663 June Brunton versus Robert Kruger et al. Nepalese Matthew F Tibble is appellant. I will be taking it under advisement as agenda number five. Mr. Chimmers and Mr. Kouroubis, Mr. Turner thank you for your arguments today. You are excused at this time. Mr. Marshall the Supreme Court stands adjourned until Wednesday January 21st at 9 30 a.m.